```
 1
 2
 3
 4
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10  FRED GRAVES,
11          Plaintiff,              No. CIV S-05-1478 FCD DAD P
12      vs.
13  B. GENTRY, et al.,              ORDER AND
14          Defendants.             FINDINGS AND RECOMMENDATIONS
15  _____/
```

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42
17 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
18 § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with
19 Local Rule 72-302 and 28 U.S.C. § 636(b)(1).
20        Plaintiff has submitted his in forma pauperis application on a form appropriate for
21 use in a habeas corpus proceeding.  The form does not provide information concerning the
22 average monthly deposits and average monthly balance for plaintiff's prison trust account during
23 the six-month period preceding the filing of plaintiff's civil rights complaint.  Nor does the form
24 authorize the withdrawal of money from plaintiff's prison trust account for payment of the
25 $250.00 filing fee.  Plaintiff's incomplete application for leave to proceed in forma pauperis will
26 be denied without prejudice.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). At screening, the court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Similarly, when a plaintiff is proceeding in forma pauperis, the court is required to dismiss the case if the court determines at any time that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the present case, plaintiff is confined in Chuckawalla Valley State Prison but alleged claims that arose at Folsom State Prison in 2004. The defendants are B. Gentry, the

appeals coordinator at Folsom State Prison; T.L. Swetich, a correctional lieutenant at Folsom State Prison at the relevant time; and Mary Beard, a correctional officer at Folsom State Prison. Plaintiff alleges irregularities in disciplinary proceedings in 2004. Plaintiff alleges that defendant Swetich served as the hearing officer and violated plaintiff's due process and equal protection rights by covering up a forgery in defendant Beard's disciplinary report in order to convict plaintiff of a wrongful disciplinary charge. Plaintiff alleges that defendant Beard searched his cell on August 14, 2004, and did not remove anything that required issuance of a CDC 115, yet she returned two and a half hours later and claimed she had found pruno in plaintiff's cell. Plaintiff alleges that defendant Beard changed her story several times with regard to the signature on the disciplinary report and other matters. Plaintiff alleges that defendant Gentry assisted in the cover up of the forgery and persuaded defendant Beard to commit perjury concerning the disciplinary report.

       Plaintiff seeks a declaration that the disciplinary hearing was invalid, an order expunging the records of the disciplinary from his prison records, and compensatory and punitive damages from each defendant.

       Attached to plaintiff's complaint as Exhibit D is a copy of a rules violation report issued on August 14, 2004. The exhibit reveals that plaintiff was found guilty of possession of inmate manufactured alcohol, was assessed 120 days credit forfeiture, and was advised that he would not be entitled to credit restoration. Plaintiff's Exhibits D and E reveal that plaintiff's inmate appeal bypassed the informal and first formal levels, was denied at the second formal level, and was rejected as untimely at the director's level.

       When a state prisoner challenges the legality of his custody and the relief he seeks will result in a determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In the present case, plaintiff seeks the invalidation of a disciplinary conviction that resulted in 120 days credit forfeiture. If the court were to invalidate the conviction and order that the disciplinary be

expunged from plaintiff's records, as plaintiff requests, plaintiff would be entitled to the restoration of 120 days of credits. Such relief is not available in a federal civil rights action. If plaintiff exhausted state court remedies with regard to the disciplinary conviction, he may file a federal habeas petition in which he challenges the conviction and seeks to have the conviction invalidated on constitutional grounds.

When a prisoner seeks money damages based on allegations that imply the invalidity of his confinement, the prisoner may not seek such damages pursuant to § 1983 until he has established, through appropriate state or federal remedies, that his confinement is in fact illegal. Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff's exhibits reveal that his disciplinary conviction was not invalidated during administrative proceedings, and plaintiff has not alleged that the conviction was overturned by a state court. Accordingly, plaintiff may not seek damages for his claims that he was wrongfully convicted of a disciplinary charge. To the extent that the defendants are responsible for plaintiff's forfeiture of 120 days of credits, plaintiff's claims for damages are not cognizable under § 1983 at this time and must be dismissed without prejudice. Plaintiff may re-file such claims in a new case at a later time if his disciplinary conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

The undersigned finds that plaintiff cannot amend his pleading to state a claim that is cognizable in federal court at the present time. The complaint should be dismissed without leave to amend. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 22, 2005 application to proceed in forma pauperis is denied; and

IT IS RECOMMENDED that this action be dismissed without prejudice for failure to state a cognizable claim.

4

1        These findings and recommendations will be submitted to the United States
2   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
3   twenty days after being served with these findings and recommendations, plaintiff may file
4   written objections with the court.  A document containing objections should be titled "Objections
5   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
6   objections within the specified time may, under certain circumstances, waive the right to appeal
7   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8   DATED: July 10, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
grav1478.56

5